FILED
CLERK, U.S. DISTRICT COURT
2/11/21
CENTRAL DISTRICT OF CALIFORNIA
BY: CS DEPUTY

Ricardo Barrera
PO Box 7980
Van Nuys, CA 91409
Defendant

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TBB VALLEY INVESTMENTS, LLC, A CALIF. LIMITED LIABILITY CO.<br><br>Plaintiff,<br><br>vs.<br><br>JOANNE B. ATKINS, ET AL.,<br><br>Defendants | Case No.: CV21-1310-SVW(JCx)<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant, Ricardo Barrera, ("Defendant") hereby removes the above-captioned action ("Action") to this Court from the Superior Court of the State of California, County of Los Angeles pursuant to 28 U.S.C. §§ 1331, 1441, 1446, 1391, 84(c)(2) and grounds set forth herein.

Please take notice that currently pending in the United States District Court, is an action entitled *Ricardo Barrera v. Compass California, Inc., A Delaware Corporation, TBB Valley Investments, LLC, et al.,* Case No.: 2:21-CV-01142-FMO-JPRx.

**BACKGROUND**

1. On July 27, 2020, Plaintiff, TBB Valley Investments, LLC ("TBB") filed a Complaint ("Complaint") against Defendant in the Superior Court of the State of California, County of Los Angeles, Case Number 20PDUD01060. Furthermore, Plaintiff's action violates various U.S. Laws including but not limited to *U.S. Consolidated Appropriations Act, 2021, U.S. Cares Act, Federal Orders made pursuant to 42 USC § 264, Protecting Tenants at Foreclosure Act, acts of congress, etc.*
2. Plaintiff's actions in violation of U.S. Laws have severely harmed Defendant and a large population of other persons of the same class (Whom have filed separate actions) making it imperative for said matters to be heard before this court in order to safeguard against irreparable harm and injury affecting a large majority of persons nationwide.
3. Defendant was in receipt of a copy of the complaint on or about, February 3, 2021, without being served.

4. Consequently, this removal petition is timely filed. *See* 28 U.S.C. § 1446(b) (requiring removal within 30 days of receipt of initial pleading).

5. All co-defendants have consented to the removal of this action as necessary.

6. Removal to the Central District of California is proper because this District includes Los Angeles County, California. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (providing that the Central District of California, Western Division, includes Los Angeles County).

7. Defendants will file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Los Angeles, and will serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

**REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1331**

8. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331. The Court has subject matter jurisdiction over matters authorized by the United States Constitution and Congress and pursuant to violations of various Acts of Congress including the U.S. Consolidated Appropriations Act, U.S. CARES Act and violations of 42 USC § 264.

**PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

9. This removal is timely under 28 U.S.C. § 1446(b)(1) because Defendant removed the State Court Action within 30 days of receiving a copy of the complaint. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil

action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.”).

**10.** Defendant was in receipt of a copy of the complaint on or about, February 3, 2021, without being served.

**11.** Removal is being made to the proper court, in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391 because the events giving rise to this complaint happened in this district.

**12.** This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, in compliance with 28 U.S.C. § 1446(a).

**13.** Notwithstanding the fact that Defendant was not served with any process, pleadings or orders, Defendant provides documents which he became privy to on, February 3, 2021, and has attached the same hereto as **Exhibit A**, in compliance with 28 U.S.C. § 1446. *See* 28 U.S.C. § 1446(a) in pertinent part (“…together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action.”)

**14.** Furthermore, Covid-19 limitations have been imposed and affect Defendant's ability to obtain additional copies from the court. Defendant would need to obtain said copies from the court due to the fact that Defendant was never served.

## CONCLUSION

Based upon the foregoing, this Court has jurisdiction over this matter, and the State Court Action is properly removed to this Court.

In filing this Notice of Removal, Defendant reserves the right to a jury trial and any and all defenses, objections, and exceptions, and nothing in this Notice of Removal shall be interpreted or construed as a waiver or relinquishment of its right to arbitrate this action, or any portion thereof, or to assert any defenses or counterclaims including, without limitation, insufficiency of process or service of process, jurisdiction, improper joinder or misjoinder of claims and/or parties, failure to join a necessary party, failure to state a claim, the viability of class certification, and any other procedural or substantive defense available to Defendant. Defendant further reserves the right to amend or supplement this Notice of Removal.

Dated: February 11, 2021

Respectfully Submitted,

Ricardo B

Ricardo Barrera, Defendant

# EXHIBIT "A"

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Dennis P. Block, Esq. SBN: 70194
Dennis P. Block & Associates
5437 Laurel Canyon Blvd., 2nd Floor, Valley Village, CA 91607
TELEPHONE NO.: 323 938-2868 FAX NO.: 323 938-6069
ATTORNEY FOR (Name): PLAINTIFF

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS: 300 East Walnut Street
CITY AND ZIP CODE: Pasadena, 91101
BRANCH NAME: Pasadena Courthouse

CASE NAME: TBB VALLEY INVESTMENTS, LLC., A CALIF. LIMITED LIABILITY CO. vs. JOANNE B. ATKINS , et al.

# CIVIL CASE COVER SHEET

[ ] Unlimited (Amount demanded exceeds $25,000) [X] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER:
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [X] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: JUL 23 2020
Dennis P. Block, Esq.
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: TBB VALLEY INVESTMENTS, LLC., A CALIF. LIMITED LIABILITY CO. vs. JOANNE B. ATKINS , et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE TBB VALLEY INVESTMENTS, LLC., A CALIF. LIMITED LIABILITY CO. vs. JOANNE B. ATKINS , et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☒ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE TBB VALLEY INVESTMENTS, LLC., A CALIF. LIMITED LIABILITY CO. vs. JOANNE B. ATKINS , et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: TBB VALLEY INVESTMENTS, LLC., A CALIF. LIMITED LIABILITY CO. vs. JOANNE B. ATKINS , et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☒ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | ADDRESS: 13217 FILMORE STREET. |
|---|---|---|---|
| CITY: PACOIMA | STATE: CA | ZIP CODE: 91331 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the PASADENA/NORTHEAST District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: JUL 23 2020

(SIGNATURE OF ATTORNEY/FILING PARTY)

DENNIS P. BLOCK, ESQ.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

*Law Offices of*
**DENNIS P. BLOCK & ASSOCIATES**
**DENNIS P. BLOCK**
**5437 Laurel Canyon Blvd.,2nd Floor**
**Valley Village, California 91607**
**Tel:(323) 938-2868**
**Fax:(323) 938-6069**

**State Bar Number 70194**

Attorneys for Plaintiff(s)

**SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES**

**PASADENA COURTHOUSE**

| | |
|---|---|
| TBB VALLEY INVESTMENTS, LLC., A CALIF. LIMITED LIABILITY CO.<br><br>Plaintiff,<br><br>VS.<br><br>Joanne B. Atkins, Amerigrade, A Calif. Corp., Samuel Awadalla and Olivia Adawalla<br><br>DOES 1 TO 10<br><br>Defendant. | CASE NUMBER: 20PDUD01060<br><br>ACTION IS A [LIMITED CIVIL CASE] AMOUNT DEMANDED DOES NOT EXCEED $10,000<br><br>ACTION BASED ON CODE OF CIVIL PROCEDURE §1161a<br><br>COMPLAINT FOR UNLAWFUL DETAINER |

COMES NOW plaintiff and for a cause of action alleges as follows:

1. The true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, are at this time unknown to plaintiff who therefore sues them under such fictitious names. When the true names and capacities of said defendants are ascertained by plaintiff, plaintiff will ask leave to

true names and capacities of said defendants are ascertained by plaintiff, plaintiff will ask leave to amend this complaint and insert such true names and capacities.

2. Plaintiff is __ An Individual __ A Validly Organized Partnership, __ A Validly Organized Corporation _X_ A Validly Organized Limited Liability Co.

3. On or about 02/19/2020 plaintiff became the owner of the premises at, 13217 FILMORE STREET, PACOIMA, CA 91331 pursuant to a foreclosure proceeding.

4. A local rent stabilization ordinance does not cover this case in that a landlord/tenant relationship does not exist.

5. Since 02/19/2020, and continuing until the present, defendants have been occupying said premises. Defendant's title under said sale proceedings has been extinguished, in that the subject property has been duly sold, by proceedings taken as prescribed by California Civil Code § 2924, under an express power of sale contained in a deed of trust executed by defendants or by a person upon which defendant claims title or a lessor of defendant whom he claims a possessory interest, and the title under the sale has been duly perfected by law.

6. Plaintiff has duly performed all covenants and conditions, express or implied, on its part to be performed.

7. On 03/06/2020 plaintiff, in compliance with Code of Civil Procedure Section 1162 et seq., caused to be served on the defendants a written notice requiring and demanding that defendants quit and deliver up possession of the premises to plaintiff within Three (3) days after the service of the notice of them. A copy of said notice is attached to the complaint, and marked Exhibit "2". A copy of the Proof of Service is attached and marked Exhibit "3".

8. More than Three (3) days have elapsed since the service of said notice, but defendants have failed and refused, and continue to fail and refuse, to quit and deliver up possession of premises, defendants now being in possession thereof.

9. Defendants continue in possession of the premises without plaintiff's permission or consent, and plaintiff is entitled to immediate possession of the premises.

10. The premises are located in the above-mentioned judicial district.

10. The premises are located in the above-mentioned judicial district.

11. The reasonable value of the use and occupancy of said premises is the sum of $90.00 per day.

12. Damages to plaintiff caused by defendant's unlawful detention have accrued by the rate of $90.00 per day since 07/23/2020 and these damages will continue to accrue at said rate so long as defendants remain in possession of said premises.

13. Plaintiff is informed and believes, and thereon alleges that in conducting the sale pursuant to the deed of trust, all of provisions of Civil Code of Civil Procedure were duly complied with. Plaintiff duly perfected title to the subject real property.

WHEREFORE, PLAINTIFF PRAYS JUDGMENT AS FOLLOWS:

1. For restitution and possession of the premises;
2. For rent due and unpaid in the amount of $-0-;
3. For damages in the amount of $90.00 per day since 07/23/2020;
4. For plaintiff's costs of suit;
5. For such other and further relief as the court may deem proper;
6. Plaintiff waives any recovery in excess of the Superior Court jurisdiction.

DENNIS P. BLOCK AND ASSOCIATES

BY ______________________________
Dennis P. Block, Esq.

Date: JUL 23 2020

Original complaint is verified and has been filed with the complaint.